

**SO ORDERED.**

**SIGNED this 30 day of May, 2012.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| THOMAS CARL ESHELMAN | 11-08925-8-SWH |
| DEBTOR | |

### ORDER ALLOWING TRUSTEE'S OBJECTION TO EXEMPTION

The matter before the court is the trustee's objection to the debtor's claim of exemption in a life insurance policy. On May 16, 2012, a hearing took place in Raleigh, North Carolina. For the reasons set forth below, the trustee's objection to the debtor's claim of exemption is sustained.

### BACKGROUND

On November 22, 2011, Thomas Carl Eshelman (the "debtor") filed a petition under chapter 7 of the Bankruptcy Code. On his Schedule C, the debtor listed a whole life insurance policy with State Farm Insurance (the "Policy"), having a cash value of $19,160.47, as exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(6). The chapter 7 trustee filed a timely objection based on two grounds: 1) the debtor's petition mistakenly listed Mary Stewart Eshelman, the debtor's wife, as the beneficiary of the Policy, when the correct beneficiary was Steven B. Lindsey as Trustee of

the Thomas Carl Eshelman Revocable Trust (the "Trust"); and 2) the Trust did not constitute a beneficiary entitled to the protections afforded by § 1C-1601(a)(6). The debtor acknowledged and corrected the beneficiary designation error and filed a response to the objection, reasserting the Policy as exempt pursuant to § 1C-1601(a)(6).

## DISCUSSION

The issue before the court centers upon the language of two statutes and the provisions of the Trust. We start first with the applicable statutes. Section 1C-1601(a)(6) of the North Carolina General Statutes provides:

> (a) Exempt Property. – Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors:
>
> * * *
>
> (6) Life insurance as provided in Article X, Section 5 of the Constitution of North Carolina.

Turning to the Constitution of North Carolina, Article X, Section 5 provides:

> A person may insure his or her own life for the sole use and benefit of his or her spouse or children or both, and upon his or her death the proceeds from the insurance shall be paid to or for the benefit of the spouse or children or both, or to a guardian, free from all claims of the representatives or creditors of the insured or his or her estate. *Any insurance policy which insures the life of a person for the sole use and benefit of that person's spouse or children or both shall not be subject to the claims of creditors of the insured during his or her lifetime*, whether or not the policy reserves to the insured during his or her lifetime any or all rights provided for by the policy and whether or not the policy proceeds are payable to the estate of the insured in the event the beneficiary or beneficiaries predecease the insured. (Emphasis added).

The court looks to the North Carolina Supreme Court's interpretation of the state constitution. "[I]n this court's interpretation of Article X, Section 5, of the North Carolina

Constitution, it is appropriate to be guided by interpretations by this State's highest court," because only that court can resolve "issues concerning the proper construction and application" of the constitution with the necessary finality. In re Foster, 2011WL 5903393 at *2 (Bankr. E.D.N.C. Nov. 1, 2011) (quoting State ex. rel. Martin v. Preston, 385 S.E.2d 473, 479 (N.C. 1989)). The North Carolina Supreme Court gives to the constitution "'a liberal interpretation in favor of its citizens with respect to those provisions which were designed to safeguard the liberty and security of the citizens in regard to both person and property.'" Id. (quoting Corum v. University of North Carolina, 413 S.E.2d 276, 290 (N.C. 1992)). That said, the actual language used in a statute, including the state constitution, still must control; *ie*, "sole use and benefit" means "sole use and benefit." See State ex. rel. Martin, 385 S.E.2d at 479 (noting that "where the meaning is clear from the words used, [the court] will not search for a meaning elsewhere").

Turning to the language of the Trust itself, whether the exemption can apply depends upon the disposition of assets that it allows. Article II of the Trust supplies the relevant language:

> If the assets available to my Executor . . . are insufficient to pay my funeral expenses, *claims against my estate*, expenses of administering my estate (including without limitation attorneys' fees and Executor's commissions), death taxes chargeable to my estate and to satisfy all pre-residuary devises under my Will, my Trustee shall make available to my Executor, upon its request . . . such sum or sums as my Executor in its sole discretion shall determine to be necessary to satisfy such deficiency. The foregoing notwithstanding, my Trustee: . . . (2) *may in its sole discretion* decline to pay to or otherwise make available for the benefit of my estate or my Executor life insurance proceeds, or any other assets, which would otherwise be exempt from the claims of creditors.

Exhibit B at pp. 4-5 (emphasis added).

Under the express terms of the Trust, then, the Trustee is given discretion to pay, or not to pay, the claims of creditors. The debtor argues that the discretion element serves to insulate the

exemption, but the court disagrees. It is that very discretion which, the court finds, precludes the debtor from claiming the exemption. In Foster, the language in the trust at issue provided that "[u]pon the Grantor's death, the Trustee may pay or make arrangements . . . for the payment of . . . the Grantor's unsecured debts." Foster, 2011 WL 5903393 at *2. The bankruptcy court sustained the trustee's objection to the debtor's claimed exemption in the policy because the payment of "unsecured debts" owed to creditors "exceeds the boundaries of 'sole use and benefit' contemplated by [the Constitution]." Id. Because "creditors are *precisely* the type of entities sought to be excluded under the provisions of Article X, Section 5," the Foster court reasoned, "[t]o allow a debtor to provide for the payment of his or her unsecured creditors from life insurance proceeds upon death simply turns this constitutional protection on its head." Id.

In the instant case, the Trust does not distinguish between types of creditors and instead references only "claims against the estate," but this is more than enough to illustrate that the proceeds are not "for the sole use and benefit of [the policy owner's] spouse or children or both," such that the exemption is not applicable.

Accordingly, the chapter 7 trustee's objection to the debtor's claim of exemption is **SUSTAINED**.

**SO ORDERED**.

**END OF DOCUMENT**